E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR(
**21-C-05596-**
9/1/2021 8:15 A
TIANA P. GARNER, CLE

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

> **EXHIBIT**
> **E**
> tabbies'

| | | |
|---|---|---|
| WANDA SHADIX and SHERREL SHADIX, | * * * | |
| Plaintiffs, | * * | CIVIL ACTION FILE NO: 21-C-05596-S1 |
| v. | * * | |
| YUMI BRANDS, INC., TACO BELL OF AMERICA, LLC, and JOHN DOES 1-5, | * * * | |
| Defendants. | * | |

## ANSWER AND DEFENSES OF DEFENDANTS, TACO BELL OF AMERICA, LLC AND YUMI BRANDS, INC.

COMES NOW, TACO BELL OF AMERICA, LLC ("Taco Bell") and YUM! BRANDS, INC. ("Yum"), improperly sued in this matter (collectively "Defendants"), and files the following Answer and Defenses to Plaintiffs' Complaint for Damages ("Complaint"), and respectfully shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, this Defendant answers the numbered paragraphs of the factual allegations of the Complaint as follows:

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## PARTIES

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, cannot admit or deny same.

2.

Defendants deny that Yum, a North Carolina corporation with a principal place of business in Louisville, Kentucky, is a North Carolina limited liability company. With regards to the remaining allegations of Paragraph 2, Defendants admit only that Yum's agent for service of process in North Carolina is CT Corporation System, 160 Mine Lake Ct. Suite 200, Raleigh, North Carolina 27615.

3.

As to the allegations contained in Paragraph 3, Defendants admit that Taco Bell is a Delaware limited liability company with a principal place of business in Irvine, California, who may be served in Georgia through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805. As to the remaining allegations contained in Paragraph 3, Defendants admit only that Yum is the ultimate parent company of Taco Bell.

4.

Defendants admit only that at all relevant times hereto, Taco Bell owned, operated, and managed a Taco Bell restaurant located at 2234 U.S. Highway 41, Calhoun, Georgia 30701.   Defendants deny the remaining allegations of Paragraph 4.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

5.

Defendants deny the allegations contained in Paragraph 5 of the Complaint as phrased.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint as phrased.

7.

Defendants deny Paragraph 7 of the Complaint.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, cannot admit or deny same.

## JURISDICTION & VENUE

9.

Defendants admit only that this Court has jurisdiction over Taco Bell, but deny that said jurisdiction is exclusive.    Defendants deny this Court has jurisdiction over Yum.

10.

Defendants admit this Court has jurisdiction over the subject matter, but deny that said jurisdiction is exclusive.

11.

Defendants deny the allegations contained in Paragraph 11 of the Complaint as phrased.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

12.

Defendants deny the sale of defective food products alleged in Paragraph 12 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants deny all negligent and wrongful acts and omissions alleged in Paragraph 14 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants admit only that Taco Bell has been properly served in this matter. Defendants deny Yum has been properly served.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## FACTS

19.

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, cannot admit or deny same.

21.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, cannot admit or deny same.

22.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, cannot admit or deny same.

23.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, cannot admit or deny same.

24.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

25.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, cannot admit or deny same.

26.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, cannot admit or deny same.

27.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, cannot admit or deny same.

28.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, cannot admit or deny same.

29.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, cannot admit or deny same.

30.

Defendants deny the allegations contained in Paragraph 30 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

31.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, cannot admit or deny same.

32.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, cannot admit or deny same.

33.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, cannot admit or deny same.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, cannot admit or deny same.

35.

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

37.

Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint as phrased.

40.

Defendants deny the allegations contained in Paragraph 40 of the Complaint as phrased.

41.

Defendants deny the allegations contained in Paragraph 41 of the Complaint as phrased.

42.

Answering Paragraph 42 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption.

43.

Answering Paragraph 43 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with unhealthy and

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

dangerous foodborne pathogens which was unsafe and unfit for human consumption.

### 44.

Answering Paragraph 44 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption.

### 45.

Answering Paragraph 45 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption.

### 46.

Answering Paragraph 46 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption. Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

### 47.

Defendants deny the allegations contained in Paragraph 47 of the Complaint.

### 48.

Defendants deny the allegations contained in Paragraph 48 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

49.

Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## COUNT I
## NEGLIGENCE OF EACH OF THE DEFENDANTS

52.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 51 above, inclusive, as their response to Paragraph 52 of the Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of the Complaint as phrased.

54.

Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.

Defendants deny the allegations contained in Paragraph 55, subparagraphs (a)-(h) of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

56.

Defendants deny any and all allegations of negligence, violations of O.C.G.A., or negligence per se contained in Paragraph 56 of the Complaint.

57.

Defendants deny any and all allegations of negligence, violations of O.C.G.A., or negligence per se contained in Paragraph 57 of the Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.

Defendants deny the allegations contained in Paragraph 60 of the Complaint.

## COUNT II
## VIOLATONS OF GEORGIA'S FOOD ACT BY EACH OF THE DEFENDANTS

61.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 60 above, inclusive, as their response to Paragraph 61 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

62.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, therefore, cannot admit or deny same.

63.

Defendants deny the allegations contained in Paragraph 63 of the Complaint as phrased.

64.

Defendants deny the allegations contained in Paragraph 64, subparagraphs (a)-(c) of the Complaint.

65.

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.

Answering Paragraph 66 of the Complaint, at all relevant times hereto, the Defendants deny any violations of the Georgia Food Act. Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF WHOLESOMENESS
## BY EACH OF THE DEFENDANTS

67.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 66 above, inclusive, as their response to Paragraph 67 of the Complaint.

Mabry & McClelland, LLP ● Suite 1000, 2200 Century Parkway, N.E. ● Atlanta, GA 30345 ● 404-325-4800

68.

Answering Paragraph 68 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of wholesomeness alleged therein and deny they sold food products to Plaintiff Wanda Shadix which caused food poisoning injuries. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 68 the Complaint and, therefore, cannot admit or deny same.

69.

Defendants deny the allegations contained in Paragraph 69 of the Complaint as phrased.

70.

Defendants deny the allegations contained in Paragraph 70, subparagraphs (a)-(d) of the Complaint.

71.

Answering Paragraph 71 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of wholesomeness alleged therein. Defendants deny the remaining allegations contained in Paragraph 71.

72.

Answering Paragraph 72 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of wholesomeness alleged therein. Defendants deny the remaining allegations contained in Paragraph 72.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## BY EACH OF THE DEFENDANTS

73.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 72 above, inclusive, as their response to Paragraph 73 of the Complaint.

74.

Answering Paragraph 74 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of merchantability alleged therein and deny they sold food products to Plaintiff Wanda Shadix which caused food poisoning injuries. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 74 the Complaint and, therefore, cannot admit or deny same.

75.

Defendants deny the allegations contained in Paragraph 75 of the Complaint as phrased.

76.

Defendants deny the allegations contained in Paragraph 76, subparagraphs (a)-(d) of the Complaint.

77.

Answering Paragraph 77 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of merchantability alleged therein. Defendants deny the remaining allegations contained in Paragraph 77.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

78.

Answering Paragraph 78 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of merchantability alleged therein. Defendants deny the remaining allegations contained in Paragraph 78.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS
## BY EACH OF THE DEFENDANTS

79.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 78 above, inclusive, as their response to Paragraph 79 of the Complaint.

80.

Answering Paragraph 80 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of fitness alleged therein and deny they sold food products to Plaintiff Wanda Shadix which caused food poisoning injuries. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 80 the Complaint and, therefore, cannot admit or deny same.

81.

Defendants deny the allegations contained in Paragraph 81 of the Complaint as phrased.

82.

Defendants deny the allegations contained in Paragraph 82, subparagraphs (a)-(d) of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

83.

Answering Paragraph 83 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of fitness alleged therein. Defendants deny the remaining allegations contained in Paragraph 83.

84.

Answering Paragraph 84 of the Complaint, at all relevant times hereto, the Defendants deny any breach of the implied warranty of fitness alleged therein. Defendants deny the remaining allegations contained in Paragraph 84.

### COUNT VI
### STRICT LIABILITY UNDER O.C.G.A. § 51-1-23 AGAINST EACH OF THE DEFENDANTS

85.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 84 above, inclusive, as their response to Paragraph 85 of the Complaint.

86.

Defendants deny any and all allegations of violations of O.C.G.A. § 51-1-23 contained in Paragraph 86 of the Complaint. Defendants deny any remaining allegations contained in Paragraph 86 of the Complaint.

87.

Defendants deny any and all allegations of violations of O.C.G.A. § 51-1-23 contained in Paragraph 87 of the Complaint. Defendants deny any remaining allegations contained in Paragraph 87 of the Complaint.

88.

Defendants deny any and all allegations of violations of O.C.G.A. § 51-1-23 contained in Paragraph 88 of the Complaint. Defendants deny any remaining allegations contained in Paragraph 88 of the Complaint.

**COUNT VII**
**STRICT PRODUCTS LIABILITY DUE TO DEFECTIVE CONDITIONS AND**
**FAILURE TO WARN AGAINST EACH OF THE DEFENDANTS**

89.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 88 above, inclusive, as their response to Paragraph 89 of the Complaint.

90.

Defendants deny any and all allegations that they stored, cooked, prepared, handled, packaged, labeled, placed in the stream of commerce, provided, served and sold food products consumed by Plaintiffs on June 10, 2020 which caused food poisoning injuries to Plaintiff, Wanda Shadix. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 90 the Complaint and, therefore, cannot admit or deny same.

91.

Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.

Answering Paragraph 92 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with harmful

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

bacterial pathogens and/or which were not properly cooked or prepared. Defendants deny any remaining contained in Paragraph 92 of the Complaint.

93.

Answering Paragraph 93 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with harmful bacterial pathogens and/or which were not properly cooked or prepared. Defendants deny any remaining allegations contained in Paragraph 93 of the Complaint.

94.

Answering Paragraph 94 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any food product contaminated with harmful bacterial or foodborne pathogens, and/or which were not properly cooked or prepared, negligently prepared, or unfit for human consumption. Defendants deny any remaining allegations contained in Paragraph 94 of the Complaint.

95.

Answering Paragraph 95 of the Complaint, at all relevant times hereto, the Defendants deny the sale of any defective and unreasonably dangerous food product. Defendants deny any remaining contained in Paragraph 95 of the Complaint.

## DAMAGES -- PLAINTIFF WANDA SHADIX

96.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 95 above, inclusive, as their response to Paragraph 96 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

97.

Answering Paragraph 97, Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and damages.

98.

Answering Paragraph 98, Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and damages.

99.

Answering Paragraph 99, Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and damages. Defendants deny the remaining allegations of Paragraph 99 of the Complaint.

100.

Answering Paragraph 100, Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and damages. Defendants deny the remaining allegations of Paragraph 100 of the Complaint.

101.

Defendants deny Plaintiff Wanda Shadix is entitled to recover any damages for the claims alleged in this Complaint against Defendants.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## LOSS OF CONSORTIUM – PLAINTIFF SHERREL SHADIX

### 102.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 101 above, inclusive, as their response to Paragraph 102 of the Complaint.

### 103.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and, therefore, cannot admit or deny same.

### 104.

Answering Paragraph 104 of the Complaint, the Defendants deny all negligence, wrongful acts and omissions alleged in the Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's or Sherrel Shadix's alleged injuries and damages. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 104 of the Complaint and, therefore, cannot admit or deny same.

### 105.

Defendants deny Plaintiff Sherrel Shadix is entitled to recover for loss of consortium or any damages for the claims alleged in this Complaint against Defendants.

### 106.

Defendants deny Plaintiff Sherrel Shadix is entitled to recover any damages for the claims alleged in this Complaint against Defendants.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

Defendant denies the allegations and prayers contained in the paragraph beginning "WHEREFORE" following Paragraph 106 of the Complaint.

Any allegation of the Complaint not admitted, denied, or otherwise responded to above is hereby denied.

THIRD DEFENSE

Defendants are not liable to Plaintiffs because these Defendants breached no duty owed to Plaintiffs.

FOURTH DEFENSE

No act or omission on the part of Defendants caused or contributed to any of the alleged damages claimed and, therefore, Plaintiffs are not entitled to recover anything from these Defendants.

FIFTH DEFENSE

Pending further investigation, the sole, direct, and proximate cause of any injury or damage which Plaintiffs may have sustained was due to the negligence of some person, persons or entity other than these Defendants and therefore Plaintiffs are not entitled to recover anything from these Defendants.

SIXTH DEFENSE

Pending further investigation, the Complaint should be dismissed for failure to join a necessary and/or indispensable party.

SEVENTH DEFENSE

To the extent Plaintiffs failed to use ordinary care to prevent or mitigate their alleged damages, in whole or in part, if any, Plaintiffs are not entitled to recover such damages.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

WHEREFORE, Defendants Taco Bell of America, LLC and Yum! Brands, Inc. pray that the Complaint be dismissed with costs of this action cast against Plaintiffs.

This 1st day of September, 2021.

MABRY & McCLELLAND, LLP

By: _____
James W. Scarbrough
Georgia Bar No. 628328
Attorney for Defendants Yum! Brands, Inc.,
Taco Bell of America, LLC,

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing pleading upon opposing counsel of record by depositing said copy in the United States Mail, in a properly addressed envelope, with adequate postage affixed thereon to:

Mr. Andrew B. Cash
Mr. Shane E. Bartlett
CASH, KRUGLER & FREDERICKS, LLC
5447 Roswell Road, NE
Atlanta, GA  30342

This 1st day of September, 2021.

_____
James W. Scarbrough

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800