IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WANDA SHADIX and<br>SHERREL SHADIX,<br><br>    Plaintiffs,<br><br>v.<br><br>YUM! BRANDS, INC., TACO<br>BELL OF AMERICA, LLC,<br>KENOSHA BEEF<br>INTERNATIONAL, LTD. d/b/a<br>BIRCHWOOD FOODS, and<br>JOHN DOES 1-5,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   CASE NO.:　1:21-CV-03638-AT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Wanda Shadix and Sherrel Shadix (hereinafter "Plaintiffs") and file this Amended Complaint for Damages against Defendants YUM! Brands, Inc., Taco Bell of America, LLC, Kenosha Beef International, Ltd. d/b/a Birchwood Foods and John Does 1-5, pursuant to Order of this Court and specifically to add Kenosha Beef International, Ltd. d/b/a Birchwood Foods as a party-defendant, and respectfully shows this honorable Court the following:

## PARTIES

1.

Plaintiffs are citizens and residents of Gordon County, Georgia. Plaintiffs are lawfully married and have been at all times material hereto.

2.

Defendant YUM! Brands, Inc. (hereinafter "Defendant YUM") is a North Carolina limited liability company with its principal place of business in Kentucky. Defendant YUM may be served through its registered agent for service of process, CT Corporation System, 160 Mine Lake Ct., Suite 200, Raleigh, North Carolina 27615.

3.

Defendant Taco Bell of America, LLC, (hereinafter "Defendant Taco Bell") is a Delaware limited liability company with its principal place of business located in California. Defendant Taco Bell is a wholly owned subsidiary of the parent company Defendant Yum! Brands, Inc. and is registered to do business in Georgia with the Georgia Secretary of State. Defendant Taco Bell may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

4.

At all times relevant hereto, including, but not limited to, June 10, 2020, Defendants YUM and Taco Bell owned, operated, and/or managed a Taco Bell retail food restaurant located at 2234 U.S. Highway 41, Calhoun, Georgia 30701 ("subject Taco Bell" or "subject restaurant").

5.

In 2020, and for many years before as well as since, Defendant YUM and Defendant Taco Bell have been in the business of owning, operating, and managing various "Taco Bell" restaurants located in various parts of Georgia and other states, including, without limitation, the subject restaurant where various consumer goods, including tacos, burritos, nachos, and other food products, were and are regularly prepared, served, and sold to the general public.

6.

At all times relevant hereto, including June 10, 2020, Defendant YUM and Defendant Taco Bell each had a separate, joint or shared interest in and/or responsibility for the ownership, operation, control and management of the subject restaurant. Additionally, Defendant YUM and/or Defendant Taco Bell hired, employed, trained, retained, monitored, supervised, and managed the managers, servers, cooks and other persons who worked at the subject restaurant.

7.

At all times relevant hereto, including June 10, 2020, Defendant YUM and Defendant Taco Bell had the same officers, directors, principals, shareholders, members, and employees. Defendants owned, maintained and/or used the same offices and assets. Defendant YUM and Defendant Taco Bell jointly owned, operated, and/or managed the subject restaurant. Defendant YUM and Defendant Taco Bell performed and operated as a joint enterprise as it concerned their shared or combined ownership, operation and/or management of the subject restaurant and their common or mutual interests in said business.

8.

Defendant Kenosha Beef International, Ltd., d/b/a Birchwood Foods, (hereinafter "Defendant Kenosha") is a Wisconsin company with its principal place of business located in Wisconsin. Defendant Kenosha is registered to do business in Georgia with the Georgia Secretary of State. Defendant Kenosha may be served through its registered agent, Joshua Brown, 6009 Goshen Springs Road, Norcross, Gwinnett County, Georgia 30091.

9.

At all times relevant hereto, including but not limited to, June 10, 2020, Defendant Kenosha prepared, provided, sold and/or supplied food items and/or ingredients to Defendants YUM and Taco Bell for use and sale in their restaurants

located in various parts of Georgia and other states, including the Taco Bell retail food restaurant located at 2234 U.S. Highway 41, Calhoun, Georgia 30701.

10.

The true name(s) of the Defendant(s) John Does 1-5 are unknown to Plaintiffs. Therefore, Plaintiffs sue these Defendant(s) by their fictitious names. Plaintiffs will amend their Complaint to identify the true name of the John Doe Defendant(s) when the name(s) has been ascertained. Plaintiffs allege upon information and belief that John Does 1-5 are potential employees and/or suppliers, who are currently unknown.

## JURISDICTION & VENUE

11.

This Court has jurisdiction over the parties to this action.

12.

This Court has jurisdiction over the subject matter of this action.

13.

Defendants are subject to the jurisdiction of this Court because they transact business in this state and in Gwinnett County. Defendants are also subject to jurisdiction in this Court because they regularly do and solicit business, engage in persistent course of conduct, and derive substantial revenue from goods used or consumed or services rendered in this state and Gwinnett County.

14.

On information and belief, Defendants placed their defective food products in the stream of commerce knowing or having reason to know that they would be sold, consumed and pose unreasonable risks of bodily injury to consumers in the State of Georgia, for which Defendants are liable.

15.

On information and belief, Defendants committed certain tortious acts and omissions in the State of Georgia with respect to the preparation, sale, distribution, labeling and/or marketing of their food products, which acts and omissions proximately caused injury and damage to Plaintiffs in Georgia, for which Defendants are liable.

16.

On information and belief, the negligent and wrongful acts and omissions of the Defendants were committed and/or omitted jointly by the Defendants.

17.

Each defendant (a) transacted business in the State of Georgia, including Gwinnett County; (b) committed a tortious act or omission within the state of Georgia; (c) committed a tortious injury in the State of Georgia caused by an act or omission outside this state and regularly did or solicited business, engaged in a persistent course of conduct and/or derived substantial revenue from goods used or

consumed or services rendered in this state; and/or (d) assumed debts, obligations and liabilities committed by others who engaged in the conduct set forth above within the State of Georgia.

18.

Defendants are each subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

19.

Venue is proper in this Court because one or more defendants reside in this County, and venue is proper pursuant to O.C.G.A. § 9-10-93, O.C.G.A. § 14-2-510, and/or Georgia Const., Art. VI, § II, ¶ IV.

20.

Defendants have been properly served with process in this action.

## FACTS

21.

This matter involves foodborne illnesses and associated personal injuries due to food poisoning suffered by Plaintiff Wanda Shadix on June 10, 2020 as a result of consuming defective, unsafe, unfit, unwholesome, adulterated, pathogen contaminated, undercooked, and/or negligently prepared and/or handled food products which had been prepared, provided, sold and/or served by the Defendants.

22.

Plaintiffs have been lawfully married for over 46 years. As of June 10, 2020, Plaintiff Wanda Shadix was employed with the Gordon County School District as an assistant cafeteria manager and Plaintiff Sherrel Shadix served as the pastor of the Sugar Valley Church of God.

23.

As of June 10, 2020, and in the days preceding, Plaintiff Wanda Shadix was in good health, with no upset stomach, illness or other gastrointestinal issues. A light eater, Wanda had only coffee and water during the day on June 10, 2020.

24.

On the evening of June 10, 2020, Plaintiffs were on their way home from church when they stopped at the subject Taco Bell located at 2234 U.S. Highway 41, Calhoun, Georgia to pick up food for dinner.

25.

Plaintiffs ordered their food at the drive-thru window of the subject Taco Bell, with Plaintiff Wanda Shadix ordering a Nachos BellGrande with pico de gallo and without sour cream. Plaintiff Sherrel Shadix ordered a Burrito Supreme with a Baja Blast Mountain Dew to drink.

26.

Plaintiffs were invitees of the Defendants at all times while at the subject Taco Bell and while purchasing and receiving the above-described food products that had been marketed, stored, prepared, supplied, handled, packaged, served and sold by the Defendants and their employees.

27.

Plaintiffs purchased their food and left the subject Taco Bell to return home. Upon arriving home sometime after 9:00 PM, Plaintiffs began to eat their dinners, with Plaintiff Wanda Shadix having a bottle of water to drink that was at her house and not purchased at the subject Taco Bell.

28.

Upon taking the first bite of her Nachos BellGrande, Plaintiff Wanda Shadix noted that the meal looked different from those she had eaten in the past and tasted dried out. Given the taste and look of the meal, Plaintiff did not finish her nachos, only eating approximately half of the meal.

29.

Plaintiffs did not eat anything else that evening and went to bed sometime after dinner. Within four to five hours after eating, around 1:00 to 2:00 AM on June 11, 2020, Plaintiff Wanda Shadix awoke with chills and severe stomach pain and diarrhea, becoming increasingly sick with various food poisoning symptoms. The diarrhea and stomach pain continued throughout the night.

30.

Plaintiff Wanda Shadix continued to have severe diarrhea and stomach pain throughout the day on June 11, 2020 and was unable to eat or keep any fluids down.

31.

Plaintiff Sherrel Shadix also felt queasy and had an upset stomach on June 11, 2020.

32.

Plaintiff Wanda Shadix's severe diarrhea continued and on June 13, 2020, she went to AdventHealth Medical Group where she was diagnosed as suffering from food poisoning.

33.

As of June 15, 2020, Plaintiff Wanda Shadix was still experiencing severe diarrhea and also began having issues using and controlling her hands.

34.

As of June 17, 2020, Plaintiff Wanda Shadix could no longer open her hands and sought emergency medical care at AdventHealth Gordon Hospital, where she was admitted.

35.

By June 19, 2020, Plaintiff Wanda Shadix was unable to use her arms, legs, feet and hands, and began having trouble breathing. The following day on June 20,

2020, Wanda was admitted to the Intensive Care Unit at AdventHealth Gordon Hospital and subsequently placed on a ventilator.

36.

Plaintiff Wanda Shadix was ultimately diagnosed as suffering from Guillain-Barre syndrome (GBS) and was admitted for nearly a month at AdventHealth Gordon Hospital, followed by approximately three weeks at Vanderbilt University Medical Center, and then nearly three months at The Shepherd Center. In addition to physical and occupational therapy she received following her discharge from The Shepherd Center, Wanda has recently returned for treatment in The Shepherd Center "day program."

37.

The GBS suffered by Plaintiff Wanda Shadix was caused by the food poisoning from the food she purchased and consumed from the subject Taco Bell.

38.

Plaintiff Wanda Shadix is now a quadriplegic. Through treatment, Wanda has made some improvements and can now breathe and speak on her own as well as perform minor movements with her hands. However, at this time, it is unknown to what extent her paralysis will be permanent.

39.

In addition to Plaintiffs, there were other guests of the subject Taco Bell who consumed food products that had been marketed, stored, prepared, supplied, handled, packaged, served and sold by Defendants and suffered severe diarrhea and food poisoning symptoms as a result.

40.

At all times relevant hereto, including June 10, 2020, Defendant YUM and Defendant Taco Bell each had a separate, joint or shared interest in and/or responsibility for the ownership, operation and/or management of the subject Taco Bell located at 2234 U.S. Highway 41, Calhoun, Georgia.

41.

Defendants YUM and Taco Bell hired and employed all managers, supervisors, and all other persons who worked at the subject Taco Bell during June 2020. The Defendants were responsible for all training and supervision of each manager and employee who worked at the subject Taco Bell during June 2020.

42.

During and before June 2020, the Defendants regularly advertised, marketed, promoted and represented to the general consuming public, including the Plaintiffs, that the subject Taco Bell was in the business of offering, preparing and selling food products that were delicious, wholesome, safe and fit for human consumption.

43.

The food products consumed by Plaintiffs had been prepared, handled, packaged, provided and sold by persons hired, trained and employed by the Defendants.

44.

Prior to eating the food products that had been marketed, stored, prepared, supplied, handled, packaged, served and sold by the Defendants, Plaintiffs did not closely inspect the food because each of them assumed that the Defendants' food products were properly cooked, wholesome, unadulterated, not contaminated with foodborne pathogens, and safe for human consumption. Therefore, Plaintiffs did not suspect nor were they aware that the food was or might be contaminated with unhealthy and potentially dangerous foodborne pathogens that made such food unsafe and unfit for human consumption.

45.

The food products purchased and consumed by Plaintiffs on June 10, 2020 neither included nor provided any labels, instructions or warnings advising or cautioning that they were or could be contaminated with foodborne pathogens.

46.

On and prior to June 10, 2020, the Defendants failed to undertake any steps to advise, educate, caution or warn Plaintiffs about the dangers or risks of the

Defendants' food products being improperly prepared and/or contaminated with one or more foodborne pathogens potentially making them unwholesome, unfit or unsafe for human consumption, nor did the Defendants advise, educate, caution or warn Plaintiffs about the dangers or risks of consuming such food products.

47.

On and prior to June 10, 2020, Plaintiffs were completely unaware that they could or would be exposed to any hazard or danger by consuming the Defendants' food products.

48.

On June 10, 2020, the Defendants' food products consumed by Plaintiffs had been prepared, cooked, provided, handled, packaged and sold exclusively by employees of the Defendants. Prior to consumption by the Plaintiffs, the Defendants' food products had been in the exclusive possession and control of the Defendants. The contamination and/or negligent preparation of the Defendants' food products occurred during the period before their sale to and consumption by the Plaintiffs, and more specifically Plaintiff Wanda Shadix, when such food products were within the exclusive control and possession of the Defendants.

49.

At the time they were sold to and consumed by the Plaintiffs on June 10, 2020, the Defendants' food products were contaminated with one or more foodborne

pathogens and/or were not properly cooked or otherwise prepared in a safe or suitable manner. As a result, the Defendants' food products were unreasonably dangerous for their ordinary or foreseeable use (i.e., human consumption). Consumption of the Defendants' unsafe, contaminated, undercooked and improperly prepared food products was the proximate cause of the food poisoning and other damages suffered by Plaintiff Wanda Shadix.

50.

The Defendants are joint tortfeasors and the negligence, breach of implied warranties, and other tortious actions of each Defendant combined to proximately cause the foodborne illnesses, including, but not limited to, GBS, that Plaintiff Wanda Shadix has suffered and all of the associated or resulting damages Plaintiffs claim in this action.

51.

As a direct and proximate result of the Defendants' negligence, breach of implied warranties, and other tortious actions, Plaintiff Wanda Shadix has suffered serious and permanent personal injuries, both physical and mental, including pain and suffering.

52.

As a direct and proximate result of the Defendants' negligence, breach of implied warranties, and other tortious actions, Plaintiff Sherrel Shadix has a claim for loss of consortium and associated damages as more fully described herein.

53.

The acts and omissions of all Defendants combined to proximately cause Plaintiffs' injuries and damages. Accordingly, all Defendants are liable for Plaintiffs' injuries and damages.

## COUNT I
## NEGLIGENCE BY EACH OF THE DEFENDANTS

54.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

55.

Each of the Defendants owed all consumers and potential consumers of their food products, including Plaintiff Wanda Shadix, a legal duty to inspect, store, handle, cook, prepare, provide, sell and serve such food products with reasonable care and in a workmanlike, safe and competent manner, and to sell, produce, deliver and serve only properly prepared, wholesome, fit and unadulterated food free of any foodborne pathogens, contaminants or unwholesome substances.

56.

Each of the Defendants breached their duties of care toward Plaintiff Wanda Shadix, thereby proximately causing the foodborne illnesses and food poisoning injuries suffered by Plaintiff on and after June 10, 2020, and all of the other resulting damages claimed by Plaintiffs in this action.

57.

Among other negligent acts, omissions and careless conduct, each of the Defendants, either directly and/or by and through their respective officers, managers, employees and other agents, breached their duties of care owed to Plaintiff Wanda Shadix by:

    a.    negligently failing to undertake steps to reasonably ensure that the food products they prepared, provided, packaged, served and/or sold were safe, wholesome, unadulterated and free of potentially dangerous foodborne pathogens;

    b.    negligently failing to prepare, provide, serve and sell only food products that were wholesome, unadulterated, safe and free from foodborne pathogens;

    c.    negligently failing to properly and safely cook and otherwise prepare the food products sold and served to Plaintiff Wanda Shadix;

d.   negligently failing to properly inspect, store, handle and/or package their food products prior to providing and selling them to Plaintiff Wanda Shadix;

e.   negligently failing to have, adopt, distribute, incorporate, utilize, adhere to and/or enforce adequate quality control policies, practices, procedures and safeguards designed or intended to significantly reduce or eliminate the risk that their food products would or could be undercooked, contaminated, unsafe, unwholesome, adulterated or otherwise unfit for human consumption.

f.   negligently failing to competently or adequately train and/or supervise the managers and employees who worked at the Defendants' subject restaurant on or before June 10, 2020;

g.   selling, producing, delivering and serving food products that were adulterated and/or misbranded in violation of O.C.G.A. §§ 26-2-22(1), 26-2-22(2), 26-2-22(3) and 26-2-26; and

h.   otherwise failing to exercise reasonable care in the sale, preparation, cooking, inspection, labeling, delivery and service of food products to Plaintiff Wanda Shadix and other guests.

58.

The Defendants' violations of O.C.G.A. §§ 26-2-22(1), 26-2-22(2), 26-2-22(3), and 26-2-26 as described above constitute negligence per se.

59.

All of the negligent acts or omissions described above were committed by persons hired and employed by the Defendants during the course and scope of their employment with the Defendants. Therefore, the Defendants are legally and vicariously liable for all such negligence under the doctrine of *respondeat superior*.

60.

As a direct and proximate result of the Defendants' negligence as described above, Plaintiff Wanda Shadix suffered foodborne illnesses and various symptoms associated with such food poisoning, including but not limited to, GBS and her resulting paralysis.

61.

The Defendants' negligence as described above proximately caused the injuries, damages and losses that Plaintiffs have suffered.

62.

Defendants are liable for the injuries and damages suffered by Plaintiffs.

## COUNT II
## VIOLATIONS OF GEORGIA'S FOOD ACT BY EACH OF THE DEFENDANTS

63.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

64.

The food products sold and served to Plaintiffs on June 10, 2020 were a type of "food" as set forth in the definitions of the Georgia Food Act, O.C.G.A. § 26-2-21(a)(4)(A).

65.

On and prior to June 10, 2020, each of the Defendants was a "food sales establishment" as set forth in the definitions of the Georgia Food Act, O.C.G.A. § 26-2-21(a)(5). Thus, on and before June 10, 2020, each of the Defendants was subject to all of the provisions, requirements and mandates of Georgia's Food Act, O.C.G.A. § 26-2-20 et seq.

66.

On and prior to June 10, 2020, Defendants, acting in concert with each other and/or with the actual or constructive knowledge or approval of the other, committed various acts prohibited by the Georgia Food Act, including, without limitation:

   a. the manufacture, delivery, holding, storage, offer for sale and sale of food products that were adulterated - O.C.G.A. § 26-2-22(1);

b.    the adulteration and/or misbranding of food products – O.C.G.A. § 26-2-22(2); and

c.    the receipt in commerce of food products that were adulterated or misbranded and the delivery or proffered delivery thereof for pay or otherwise – O.C.G.A. § 26-2-22(3).

67.

The Defendants' food products consumed by the Plaintiffs on June 10, 2020 were adulterated as set forth in O.C.G.A. § 26-2-26 because (i) they contained deleterious substance(s) which rendered them injurious to health, (ii) they were unfit for food intended for human consumption, (iii) they were produced, prepared, packed or held under unsanitary conditions whereby it became contaminated with filth and/or whereby they were rendered unwholesome or injurious to human health, and (iv) their containers may have been composed, in whole or in part, by deleterious substance(s) which rendered the contents injurious to human health.

68.

Because the Defendants' violations of the Georgia Food Act as described above were a proximate cause of the foodborne illnesses and resulting injuries and damages suffered by Plaintiff Wanda Shadix, the Defendants are jointly and severally and legally liable for all of the damages claimed by the Plaintiff Wanda Shadix in this case.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF WHOLESOMENESS BY EACH OF THE DEFENDANTS

69.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

70.

The Defendants stored, cooked, prepared, handled, packaged, labeled, placed in the stream of commerce, provided, served and sold the food products consumed by the Plaintiffs on June 10, 2020 and which caused the food poisoning injuries Plaintiff Wanda Shadix suffered as a result. The Defendants' food products reached the Plaintiffs without substantial change, and the food products they consumed on June 10, 2020 were substantially in the same condition as existed at the time of their preparation and sale by the Defendants.

71.

On June 10, 2020, each of the Defendants did impliedly warrant to the Plaintiffs that the food products served to and consumed by the Plaintiffs would be properly cooked and prepared, wholesome, merchantable, safe, free from foodborne pathogens or other harmful contaminates, and fit for human consumption.

72.

On June 10, 2020, each of the Defendants breached the implied warranty of wholesomeness because at the time the food products were served to and consumed

by the Plaintiffs, some or all of the food products were undercooked, negligently prepared, contaminated, adulterated, unwholesome, unmerchantable, unsafe, defective, unreasonably dangerous, and not reasonably suited for their ordinary, intended and/or foreseeable use (i.e., human consumption) for the following and other reasons:

a.    the food products were contaminated with one or more foodborne pathogens;

b.    the food products were not properly prepared or adequately cooked;

c.    the food products were not wholesome or safe for human consumption; and/or

d.    the food products were not equipped with or accompanied by adequate or sufficient labeling or warnings advising about the presence or potential presence of foodborne pathogens, or about any other known or feasible hazards, risks or dangers associated with normal, intended or anticipated human consumption of those food products.

73.

The above described contaminates, defects and other unsafe conditions which rendered the Defendants' food products at issue unwholesome, unreasonably dangerous, unmerchantable and not reasonably fit for the ordinary purposes intended or anticipated by the Defendants proximately caused the foodborne illnesses and

resulting injuries and damages suffered by Plaintiff Wanda Shadix on and after June 10, 2020.

74.

Because the unwholesome, unmerchantable, contaminated, defective and unreasonably dangerous condition of the Defendants' food products at issue was the proximate cause of the food poisoning injuries, including, but not limited to, GBS, and resulting damages suffered by Plaintiff Wanda Shadix, the Defendants are deemed to be strictly liable for all of the damages claimed by Plaintiff Wanda Shadix in this action under the doctrine of breach of implied warranty of wholesomeness.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY EACH OF THE DEFENDANTS

75.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

76.

The Defendants stored, cooked, prepared, handled, packaged, labeled, placed in the stream of commerce, provided, served and sold the food products consumed by the Plaintiffs on June 10, 2020 and which caused the food poisoning injuries Plaintiff Wanda Shadix suffered as a result. The Defendants' food products reached the Plaintiffs without substantial change, and the food products they consumed on

June 10, 2020 were substantially in the same condition as existed at the time of their preparation and sale by the Defendants.

77.

On June 10, 2020, each of the Defendants did impliedly warrant to the Plaintiffs that the food products served to and consumed by the Plaintiffs would be properly cooked and prepared, wholesome, merchantable, safe, free from foodborne pathogens or other harmful contaminates, and fit for human consumption.

78.

On June 10, 2020, each of the Defendants breached the implied warranty of merchantability because at the time the food products were served to and consumed by the Plaintiffs, some or all of the food products were undercooked, negligently prepared, contaminated, adulterated, unwholesome, unmerchantable, unsafe, defective, unreasonably dangerous, and not reasonably suited for its ordinary, intended and/or foreseeable use (i.e., human consumption) for the following and other reasons:

    a.    the food products were contaminated with one or more foodborne pathogens;

    b.    the food products were not properly prepared or adequately cooked;

    c.    the food products were not wholesome or safe for human consumption; and/or

d.  the food products were not equipped with or accompanied by adequate or sufficient labeling or warnings advising about the presence or potential presence of foodborne pathogens, or about any other known or feasible hazards, risks or dangers associated with normal, intended or anticipated human consumption of those food products.

79.

The above described contaminates, defects and other unsafe conditions which rendered the Defendants' food products at issue unwholesome, unreasonably dangerous, unmerchantable and not reasonably fit for the ordinary purposes intended or anticipated by the Defendants proximately caused the foodborne illnesses and resulting injuries and damages suffered by Plaintiff Wanda Shadix on and after June 10, 2020.

80.

Because the unwholesome, unmerchantable, contaminated, defective and unreasonably dangerous condition of the Defendants' food products at issue was the proximate cause of the food poisoning injuries, including but not limited to GBS, and resulting damages suffered by Plaintiff Wanda Shadix, the Defendants are deemed to be strictly liable for all of the damages claimed by Plaintiff Wanda Shadix under the doctrine of breach of implied warranty of merchantability as set forth in O.C.G.A. §§ 11-2-314 and 11-2-715.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY EACH OF THE DEFENDANTS

81.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

82.

The Defendants stored, cooked, prepared, handled, packaged, labeled, placed in the stream of commerce, provided, served and sold the food products consumed by the Plaintiffs on June 10, 2020 and which caused the food poisoning injuries Plaintiff Wanda Shadix suffered as a result. The Defendants' food products reached the Plaintiffs without substantial change, and the food products they consumed on June 10, 2020 were substantially in the same condition as existed at the time of their preparation and sale by the Defendants.

83.

On June 10, 2020, each of the Defendants did impliedly warrant to the Plaintiffs that the food products served to and consumed by Plaintiffs would be properly cooked and prepared, wholesome, merchantable, free from foodborne pathogens or harmful contaminates, and fit for human consumption.

84.

On June 10, 2020, each of the Defendants breached the implied warranty of fitness for a particular purpose because at the time the food products were served to

and consumed the Plaintiffs, some or all of the food products were undercooked, negligently prepared, contaminated, adulterated, unwholesome, unmerchantable, unsafe, defective, unreasonably dangerous, and not reasonably suited for their ordinary, intended and/or foreseeable use (i.e., human consumption) for the following and other reasons:

a.  the food products were contaminated with one or more foodborne pathogens;

b.  the food products were not properly or adequately cooked;

c.  the food products were not wholesome or safe for human consumption; and/or

d.  the food products were not equipped with or accompanied by adequate or sufficient labeling or warnings advising about the presence or potential presence of foodborne pathogens, or about any other known or feasible hazards, risks or dangers associated with normal, intended or anticipated human consumption of those food products.

85.

The above described contaminates, defects and other unsafe conditions which rendered the Defendants' food products at issue unwholesome, unreasonably dangerous, unmerchantable and not reasonably fit for the ordinary purposes intended or anticipated by the Defendants proximately caused the foodborne illnesses and

resulting injuries and damages suffered by Plaintiff Wanda Shadix on and after June 10, 2020.

86.

Because the unwholesome, unmerchantable, contaminated, defective and unreasonably dangerous condition of the Defendants' food products at issue was the proximate cause of the food poisoning injuries, including but not limited to GBS, and resulting damages suffered by Plaintiff Wanda Shadix, the Defendants are deemed to be strictly liable for all of the damages claimed by the Plaintiff Wanda Shadix in this action under the doctrine of breach of implied warranty of fitness for a particular purpose as set forth in O.C.G.A. §§ 11-2-315 and 11-2-715.

<strong><u>COUNT VI</u></strong><br><strong><u>STRICT LIABILITY UNDER O.C.G.A. § 51-1-23 AGAINST EACH OF THE DEFENDANTS</u></strong>

87.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

88.

The Defendants knowingly or negligently sold and provided to Plaintiffs food products that were contaminated with foodborne pathogens, not safely prepared and therefore, unwholesome. As a result of consuming such unwholesome food products, Plaintiff Wanda Shadix suffered food poisoning injuries, including, but not limited to, GBS, on and after June 10, 2020.

89.

Because the unwholesome condition of the Defendants' food products at issue was the proximate cause of the resulting foodborne illnesses suffered by Plaintiff Wanda Shadix, the Defendants are deemed to be strictly liable for all of the damages claimed by Plaintiff Wanda Shadix in this action as provided under O.C.G.A. § 51-1-23.

90.

Thus, pursuant to their strict liability under O.C.G.A. § 51-1-23, Defendants are jointly and severally liable for, and Plaintiff Wanda Shadix hereby seeks to collect, all special, general, incidental and consequential damages stemming from or associated with the food poisoning injuries, including, but not limited to, GBS, she sustained on and after June 10, 2020.

## COUNT VII
## STRICT PRODUCTS LIABILITY DUE TO DEFECTIVE CONDITIONS AND FAILURE TO WARN AGAINST EACH OF THE DEFENDANTS

91.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

92.

The Defendants stored, cooked, prepared, handled, packaged, labeled, placed in the stream of commerce, provided, served and sold the food products consumed by the Plaintiffs on June 10, 2020 and which caused the food poisoning injuries

Plaintiff Wanda Shadix suffered as a result. The Defendants' food products reached the Plaintiffs without substantial change, and the food products they consumed on June 10, 2020 were substantially in the same condition as existed at the time of their preparation and sale by the Defendants.

93.

At the time the Defendants' food products were served to and consumed by Plaintiffs, some or all of these food products were defective, unsafe, unreasonably dangerous, not merchantable, and not reasonably suited for their intended and foreseeable use (i.e., human consumption) for multiple reasons including, without limitation, that they were not properly prepared or cooked, not properly packaged, and/or were contaminated with foodborne pathogens.

94.

In addition, the Defendants' food products were defective and unreasonably dangerous because their labeling, instructions and warnings were inadequate and failed to disclose, advise, caution or warn the Plaintiffs about the risks of foodborne illness associated with food products that are contaminated with harmful bacterial pathogens and/or not properly cooked or prepared.

95.

The above-described defects and other unsafe conditions which rendered the Defendants' food products at issue unreasonably dangerous, not merchantable, and

not reasonably safe for human consumption proximately caused the food poisoning injuries, including, but not limited to, GBS, and resulting damages suffered by Plaintiff Wanda Shadix on and after June 10, 2020.

96.

As of June 2020, the Defendants knew that their food products were likely to be consumed without inspection for defects or unsafe conditions therein by the consumer. Moreover, on and prior to June 10, 2020, Plaintiffs did not know nor had reason to know of the existence of any of the above-described defects or unsafe conditions. In particular, Plaintiffs had no knowledge or awareness that some or all of the Defendants' food products were undercooked, negligently prepared, contaminated with one or more foodborne pathogens and/or unfit for human consumption, or that there was a risk of food poisoning after consuming the food products prepared and sold by the Defendants.

97.

Because the defective and unreasonably dangerous condition of the Defendants' food products at issue was a proximate cause of the foodborne illnesses and resulting injuries and damages suffered by Plaintiff Wanda Shadix, the Defendants are strictly liable for all of the damages claimed by Plaintiff Wanda Shadix in this action as provided under O.C.G.A § 51-1-11.

## DAMAGES – PLAINTIFF WANDA SHADIX

### 98.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

### 99.

As a direct and proximate result of Defendants' wrongful acts and omissions, as described herein, Plaintiff Wanda Shadix suffered severe gastrointestinal issues and diarrhea, Guillain-Barre syndrome, and resulting quadriplegia, among other injuries and damages.

### 100.

As a direct and proximate result of Defendants' wrongful acts and omissions, as described herein, Plaintiff Wanda Shadix has suffered serious and permanent physical and emotional injuries and pain and suffering and is entitled to recover damages from Defendants, jointly and severally, for her physical and emotional injuries and past, present, and future pain and suffering, in an amount determined by the enlightened conscience of the jury.

### 101.

As a direct and proximate result of Defendants' wrongful acts and omissions, as set forth herein, Plaintiff Wanda Shadix has required extensive medical care, life care and treatment and will continue to require medical care, life care and treatment, as well as other expenses to treat her injuries. Plaintiff is entitled to recover damages

from Defendants, jointly and severally, for all past, present, and future medical, life care and other expenses, in an amount to be proven at the trial of this case.

102.

As a direct and proximate result of Defendants' wrongful acts and omissions, as set forth herein, Plaintiff Wanda Shadix was forced to leave her position with the Gordon County school system and has sustained a loss of income. Plaintiff is entitled to recover damages from Defendants, jointly and severally, for all past, present, and future loss of income in an amount to be proven at the trial of this case.

103.

Plaintiff Wanda Shadix seeks to recover from Defendants all elements of damages allowed by law for the claims alleged in this Complaint against Defendants.

## LOSS OF CONSORTIUM – PLAINTIFF SHERREL SHADIX

104.

Plaintiffs incorporate the preceding allegations as if fully set forth herein.

105.

At all times material hereto, Plaintiffs have been lawfully married as husband and wife.

106.

As a direct and proximate result of Defendants' negligence and wrongful acts and omissions, Plaintiff Sherrel Shadix has suffered a loss of consortium due to

Wanda's injuries including, but not limited to, her paralysis. Plaintiff Sherrel Shadix has had to continuously care for his wife, assisting with all aspects of her daily life, including, but not limited to, feeding, dressing, moving, and all hygiene needs, among others. Additionally, Plaintiff Sherrel Shadix was required and continues to assume any and all household chores and responsibilities. As a result of the added responsibilities in taking care of Wanda, Plaintiff Sherrel Shadix also left his position as pastor of Sun Valley Church of God.

107.

Plaintiff Sherrel Shadix seeks to recover from Defendants for his loss of consortium claim and the damages set forth herein.

108.

Plaintiff Sherrel Shadix is entitled to recover damages from Defendants in an amount to be determined by the enlightened conscience of the jury.

WHEREFORE, Plaintiffs pray for the following:

(a) That process and summons issue as provided by law, requiring the Defendants to appear as provided by law to answer this Complaint;

(b) That each Defendant be timely served with process as provided by law;

(c) That Plaintiffs have a trial by jury on all issues and claims;

(d)     That Plaintiffs recover the damages set forth herein and all other

       expenses as permitted under Georgia law;

(e)     That all costs be cast against the Defendants; and

(f)     For such other and further relief as the Court shall deem just and

       appropriate.

This 8th day of November, 2021.

       CASH, KRUGLER & FREDERICKS, LLC

       /s/ Andrew B. Cash
       Andrew B. Cash
       Georgia Bar No. 743459
       Shane E. Bartlett
       Georgia Bar No. 040551
       Counsel for Plaintiffs

5447 Roswell Road, NE
Atlanta, GA 30342
(404) 659-1710
(404) 264-1149 (fax)
acash@ckf.law
sbartlett@ckf.law

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1C, the undersigned counsel certifies that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.

*/s/ Shane E. Bartlett*
Shane E. Bartlett
Georgia Bar Number 040551
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date November 8, 2021, I caused to be electronically filed, the foregoing **Amended Complaint for Damages** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James W. Scarbrough
Mabry & McClelland, LLP
2200 Century Parkway, NE
Ste. 1000
Atlanta, GA 30345
(404) 325-4800
jscarbrough@m-mlegal.com

CASH, KRUGLER & FREDERICKS, LLC


*/s/ Shane E. Bartlett*
Shane E. Bartlett
Georgia Bar Number 040551
Counsel for Plaintiffs

5447 Roswell Road, NE
Atlanta, Georgia 30342
(404) 659-1710 - Telephone
(404) 264-1149 - Facsimile
sbartlett@ckf.law