IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WANDA SHADIX and SHERREL SHADIX, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION |
| | * | FILE NO: 1:21-CV-03638-AT |
| v. | * | |
| | * | |
| YUM! BRANDS, INC., TACO BELL OF AMERICA, LLC, KENOSHA BEEF INTERNATIONAL, LTD. d/b/a BIRCHWOOD FOODS, and JOHN DOES 1-5, | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ANSWER AND DEFENSES OF DEFENDANTS, TACO BELL OF AMERICA, LLC AND YUM! BRANDS, INC.

COMES NOW, TACO BELL OF AMERICA, LLC ("Taco Bell") and YUM! BRANDS, INC. ("Yum"), improperly sued in this matter (collectively "these Defendants"), and files the following Answer and Defenses to Plaintiffs' Complaint for Damages ("Complaint"), and respectfully shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against these Defendants upon which relief can be granted.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## SECOND DEFENSE

For a Second Defense, these Defendants answers the numbered paragraphs of the factual allegations of the Complaint as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, cannot admit or deny same.

2.

Defendants deny that Yum, a North Carolina corporation with a principal place of business in Louisville, Kentucky, is a North Carolina limited liability company. With regards to the remaining allegations of Paragraph 2, Defendants admit only that Yum's agent for service of process in North Carolina is CT Corporation System, 160 Mine Lake Ct. Suite 200, Raleigh, North Carolina 27615.

3.

As to the allegations contained in Paragraph 3, Defendants admit that Taco Bell is a Delaware limited liability company with a principal place of business in Irvine, California, who may be served in Georgia through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805. As to the remaining allegations

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

contained in Paragraph 3, Defendants admit only that Yum is the ultimate parent company of Taco Bell.

4.

Defendants admit only that at all relevant times hereto, Taco Bell owned, operated, and managed a Taco Bell restaurant located at 2234 U.S. Highway 41, Calhoun, Georgia 30701. Defendants deny the remaining allegations of Paragraph 4.

5.

Defendants deny the allegations contained in Paragraph 5 of the Complaint as phrased.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint as phrased.

7.

Defendants deny Paragraph 7 of the Complaint.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

9.

Taco Bell admits that Defendant Kenosha prepared, provided, sold and/or supplied food items and/or ingredients to it for use and sale in the food restaurant located at 2234 U.S. Highway 41, Calhoun, Georgia 30701 and other restaurants. The remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint are denied.

10.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, cannot admit or deny same.

## JURISDICTION & VENUE

11.

These Defendants admit only that this Court has jurisdiction over Taco Bell, but deny that said jurisdiction is exclusive. Defendants deny this Court has jurisdiction over Yum.

12.

These Defendants admit this Court has jurisdiction over the subject matter, but deny that said jurisdiction is exclusive.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

13.

These Defendants deny the allegations contained in Paragraph 13 of the Complaint as phrased.

14.

These Defendants deny the sale of defective food products alleged in Paragraph 14 of the Complaint. These Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.

These Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

These Defendants deny all negligent and wrongful acts and omissions alleged in Paragraph 16 of the Complaint. These Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.

These Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

These Defendants deny the allegations contained in Paragraph 18 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

19.

These Defendants deny the allegations contained in Paragraph 17 of the Complaint.

20.

These Defendants admit that serve was proper upon these Defendants but deny that Yum is a proper party to this lawsuit.

## FACTS

21.

These Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, cannot admit or deny same.

23.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

24.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, cannot admit or deny same.

25.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, cannot admit or deny same.

26.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, cannot admit or deny same.

27.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, cannot admit or deny same.

28.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

29.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, cannot admit or deny same.

30.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, cannot admit or deny same.

31.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, cannot admit or deny same.

32.

These Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

34.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, cannot admit or deny same.

35.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, cannot admit or deny same.

36.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, cannot admit or deny same.

37.

These Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, cannot admit or deny same.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

39.

These Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.

These Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.

These Defendants deny the allegations contained in Paragraph 41 of the Complaint as phrased.

42.

These Defendants deny the allegations contained in Paragraph 42 of the Complaint as phrased.

43.

These Defendants deny the allegations contained in Paragraph 43 of the Complaint as phrased.

44.

Answering Paragraph 44 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

45.

Answering Paragraph 45 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption.

46.

Answering Paragraph 46 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption.

47.

Answering Paragraph 47 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and unfit for human consumption.

48.

Answering Paragraph 48 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated with unhealthy and dangerous foodborne pathogens which was unsafe and

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

unfit for human consumption. These Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

49.

These Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

These Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

These Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.

These Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.

These Defendants deny the allegations contained in Paragraph 53 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## COUNT I
## NEGLIGENCE OF EACH OF THE DEFENDANTS

### 54.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 53 above, inclusive, as their response to Paragraph 54 of the Complaint.

### 55.

These Defendants deny the allegations contained in Paragraph 55 of the Complaint as phrased.

### 56.

These Defendants deny the allegations contained in Paragraph 56 of the Complaint.

### 57.

These Defendants deny the allegations contained in Paragraph 57, subparagraphs (a)-(h) of the Complaint.

### 58.

These Defendants deny any and all allegations of negligence, violations of O.C.G.A., or negligence per se contained in Paragraph 58 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

59.

These Defendants deny any and all allegations of negligence, violations of O.C.G.A., or negligence per se contained in Paragraph 59 of the Complaint.

60.

These Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.

These Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.

These Defendants deny the allegations contained in Paragraph 62 of the Complaint.

## COUNT II
## VIOLATONS OF GEORGIA'S FOOD ACT BY EACH OF THE DEFENDANTS

63.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 62 above, inclusive, as their response to Paragraph 63 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

64.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and, therefore, cannot admit or deny same.

65.

These Defendants deny the allegations contained in Paragraph 65 of the Complaint as phrased.

66.

These Defendants deny the allegations contained in Paragraph 66, subparagraphs (a)-(c) of the Complaint.

67.

These Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.

Answering Paragraph 68 of the Complaint, at all relevant times hereto, these Defendants deny any violations of the Georgia Food Act. These Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## COUNT III
## BREACH OF IMPLIED WARRANTY OF WHOLESOMENESS
## BY EACH OF THE DEFENDANTS

### 69.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 68 above, inclusive, as their response to Paragraph 69 of the Complaint.

### 70.

Answering Paragraph 70 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of wholesomeness alleged therein and deny they sold food products to Plaintiff Wanda Shadix which caused food poisoning injuries. These Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 70 the Complaint and, therefore, cannot admit or deny same.

### 71.

These Defendants deny the allegations contained in Paragraph 71 of the Complaint as phrased.

### 72.

These Defendants deny the allegations contained in Paragraph 72, subparagraphs (a)-(d) of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

73.

Answering Paragraph 73 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of wholesomeness alleged therein. These Defendants deny the remaining allegations contained in Paragraph 73.

74.

Answering Paragraph 74 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of wholesomeness alleged therein. These Defendants deny the remaining allegations contained in Paragraph 74.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## BY EACH OF THE DEFENDANTS

75.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 74 above, inclusive, as their response to Paragraph 75 of the Complaint.

76.

Answering Paragraph 76 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of merchantability alleged therein and deny they sold food products to Plaintiff

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

Wanda Shadix which caused food poisoning injuries. These Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 76 the Complaint and, therefore, cannot admit or deny same.

77.

These Defendants deny the allegations contained in Paragraph 77 of the Complaint as phrased.

78.

These Defendants deny the allegations contained in Paragraph 78, subparagraphs (a)-(d) of the Complaint.

79.

Answering Paragraph 79 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of merchantability alleged therein. These Defendants deny the remaining allegations contained in Paragraph 79.

80.

Answering Paragraph 80 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of merchantability alleged therein. These Defendants deny the remaining allegations contained in Paragraph 80.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS
## BY EACH OF THE DEFENDANTS

### 81.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 80 above, inclusive, as their response to Paragraph 81 of the Complaint.

### 82.

Answering Paragraph 82 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of fitness alleged therein and deny they sold food products to Plaintiff Wanda Shadix which caused food poisoning injuries. These Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 82 the Complaint and, therefore, cannot admit or deny same.

### 83.

These Defendants deny the allegations contained in Paragraph 83 of the Complaint as phrased.

### 84.

These Defendants deny the allegations contained in Paragraph 84, subparagraphs (a)-(d) of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

85.

Answering Paragraph 85 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of fitness alleged therein. These Defendants deny the remaining allegations contained in Paragraph 85.

86.

Answering Paragraph 86 of the Complaint, at all relevant times hereto, these Defendants deny any breach of the implied warranty of fitness alleged therein. These Defendants deny the remaining allegations contained in Paragraph 86.

**COUNT VI**
**STRICT LIABILITY UNDER O.C.G.A. § 51-1-23 AGAINST**
**EACH OF THE DEFENDANTS**

87.

Defendants restate and incorporate by reference their responses to Paragraphs 1 through 84 above, inclusive, as their response to Paragraph 85 of the Complaint.

88.

These Defendants deny any and all allegations of violations of O.C.G.A. § 51-1-23 contained in Paragraph 88 of the Complaint. These

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

Defendants deny any remaining allegations contained in Paragraph 88 of the Complaint.

89.

These Defendants deny any and all allegations of violations of O.C.G.A. § 51-1-23 contained in Paragraph 89 of the Complaint. These Defendants deny any remaining allegations contained in Paragraph 89 of the Complaint.

90.

These Defendants deny any and all allegations of violations of O.C.G.A. § 51-1-23 contained in Paragraph 90 of the Complaint. These Defendants deny any remaining allegations contained in Paragraph 90 of the Complaint.

**COUNT VII**
**STRICT PRODUCTS LIABILITY DUE TO DEFECTIVE CONDITIONS AND FAILURE TO WARN AGAINST EACH OF THE DEFENDANTS**

91.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 90 above, inclusive, as their response to Paragraph 91 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

92.

These Defendants deny any and all allegations that they stored, cooked, prepared, handled, packaged, labeled, placed in the stream of commerce, provided, served and sold food products consumed by Plaintiffs on June 10, 2020 which caused food poisoning injuries to Plaintiff, Wanda Shadix. These Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 92 the Complaint and, therefore, cannot admit or deny same.

93.

These Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.

Answering Paragraph 94 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated with harmful bacterial pathogens and/or which were not properly cooked or prepared. These Defendants deny any remaining contained in Paragraph 94 of the Complaint.

95.

Answering Paragraph 95 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

with harmful bacterial pathogens and/or which were not properly cooked or prepared. These Defendants deny any remaining allegations contained in Paragraph 95 of the Complaint.

96.

Answering Paragraph 96 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any food product contaminated with harmful bacterial or foodborne pathogens, and/or which were not properly cooked or prepared, negligently prepared, or unfit for human consumption. These Defendants deny any remaining allegations contained in Paragraph 96 of the Complaint.

97.

Answering Paragraph 97 of the Complaint, at all relevant times hereto, these Defendants deny the sale of any defective and unreasonably dangerous food product. These Defendants deny any remaining contained in Paragraph 97 of the Complaint.

## DAMAGES – PLAINTIFF WANDA SHADIX

98.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 97 above, inclusive, as their response to Paragraph 98 of the Complaint.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

99.

Answering Paragraph 99, these Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and damages.

100.

Answering Paragraph 100, these Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and damages.

101.

Answering Paragraph 101, these Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and damages. These Defendants deny the remaining allegations of Paragraph 101 of the Complaint.

102.

Answering Paragraph 102, these Defendants deny any wrongful acts and omissions alleged in Plaintiffs Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's alleged injuries and

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

damages. These Defendants deny the remaining allegations of Paragraph 102 of the Complaint.

103.

These Defendants deny Plaintiff Wanda Shadix is entitled to recover any damages for the claims alleged in this Complaint against these Defendants.

**LOSS OF CONSORTIUM – PLAINTIFF SHERREL SHADIX**

104.

These Defendants restate and incorporate by reference their responses to Paragraphs 1 through 103 above, inclusive, as their response to Paragraph 104 of the Complaint.

105.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and, therefore, cannot admit or deny same.

106.

Answering Paragraph 106 of the Complaint, these Defendants deny all negligence, wrongful acts and omissions alleged in the Complaint and deny any food product sold to the Plaintiffs was the cause of Wanda Shadix's or Sherrel Shadix's alleged injuries and damages. These Defendants are

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 106 of the Complaint and, therefore, cannot admit or deny same.

107.

These Defendants deny Plaintiff Sherrel Shadix is entitled to recover for loss of consortium or any damages for the claims alleged in this Complaint against Defendants.

108.

These Defendants deny Plaintiff Sherrel Shadix is entitled to recover any damages for the claims alleged in this Complaint against Defendants.

These Defendant denies the allegations and prayers contained in the paragraph beginning "WHEREFORE" following Paragraph 108 of the Complaint.

Any allegation of the Complaint not admitted, denied, or otherwise responded to above is hereby denied.

THIRD DEFENSE

These Defendants are not liable to Plaintiffs because these Defendants breached no duty owed to Plaintiffs.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## FOURTH DEFENSE

No act or omission on the part of these Defendants caused or contributed to any of the alleged damages claimed and, therefore, Plaintiffs are not entitled to recover anything from these Defendants.

## FIFTH DEFENSE

Pending further investigation, the sole, direct, and proximate cause of any injury or damage which Plaintiffs may have sustained was due to the negligence of some person, persons or entity other than these Defendants and therefore Plaintiffs are not entitled to recover anything from these Defendants.

## SIXTH DEFENSE

To the extent Plaintiffs failed to use ordinary care to prevent or mitigate their alleged damages, in whole or in part, if any, Plaintiffs are not entitled to recover such damages.

WHEREFORE, Defendants Taco Bell of America, LLC and Yum! Brands, Inc. pray that the Complaint be dismissed with costs of this action cast against Plaintiffs.

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

This 22nd day of November, 2021.

**MABRY & McCLELLAND, LLP**

By: _____
       James W. Scarbrough
       Georgia Bar No. 628328
       Attorney for Defendants Yum! Brands,
       Inc., Taco Bell of America, LLC,

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing pleading upon opposing counsel of record with the Clerk of Court by using the CM/ECF system which will sent a notice of electronic filing to the following:

Mr. Andrew B. Cash
Mr. Shane E. Bartlett
CASH, KRUGLER & FREDERICKS, LLC
5447 Roswell Road, NE
Atlanta, GA 30342

This 22nd day of November, 2021.

_____
James W. Scarbrough

Mabry & McClelland, LLP • Suite 1000, 2200 Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800