IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WANDA SHADIX and
SHERREL SHADIX,

        Plaintiffs,

v.

YUM! BRANDS, INC., TACO BELL
OF AMERICA, LLC, KENOSHA BEEF
INTERNATIONAL, LTD. d/b/a
BIRCHWOOD FOODS and  JOHN
DOES 1-5,

        Defendant.

CIVIL ACTION FILE
NO. 1:21-cv-03638-AT

## ANSWER AND DEFENSES OF DEFENDANT
## KENOSHA BEEF INTERNATIONAL, LTD. d/b/a BIRCHWOOD FOODS

COMES NOW, Defendant Kenosha Beef International, Ltd., d/b/a Birchwood Foods (hereinafter "Birchwood Foods" or "this Defendant"), by and through the undersigned counsel of record, and hereby submits its answer and defenses to Plaintiffs' amended complaint for damages showing the Court as follows:

## FIRST DEFENSE

Plaintiffs' amended complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

This Defendant reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## THIRD DEFENSE

In response to the respective numbered paragraphs of the amended complaint, this Defendant states as follows:

RESPONDING TO: "PARTIES"

1.

This Defendant can neither admit nor deny the allegations contained in paragraph 1 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

2.

This Defendant can neither admit nor deny the allegations contained in paragraph 2 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

3.

This Defendant can neither admit nor deny the allegations contained in paragraph 3 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

4.

This Defendant can neither admit nor deny the allegations contained in paragraph 4 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

5.

This Defendant can neither admit nor deny the allegations contained in paragraph 5 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained in paragraph 6 of Plaintiffs' amended complaint for want of sufficient information

upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained in paragraph 7 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

8.

Responding to the allegations contained in paragraph 8 of Plaintiffs' amended complaint, this Defendant admits that it is a Wisconsin corporation with its principal place of business in Wisconsin and that it is registered to do business with the Georgia Secretary of State. This Defendant admits that it may be served according to law. This Defendant denies the remaining allegations contained in Paragraph 8 of the amended complaint in the form and manner pled.

9.

Responding to the allegations contained in paragraph 9 of Plaintiffs' amended complaint, this Defendant admits only that it sells food products to Taco Bell generally. This Defendant denies its beef product was used at the Taco Bell store in Calhoun, Georgia on June 10, 2020.

10.

This Defendant can neither admit nor deny the allegations contained in paragraph 10 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

## RESPONDING TO: "JURISDICTION & VENUE"

11.

This Defendant admits the allegations contained in paragraph 11 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

12.

This Defendant admits the allegations contained in paragraph 12 of Plaintiffs' amended complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint in the form and manner pled.

14.

This Defendant denies the allegations contained in paragraph 14 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

15.

This Defendant denies the allegations contained in paragraph 15 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

16.

This Defendant denies the allegations contained in paragraph 16 of Plaintiffs' amended complaint.

17.

This Defendant denies the allegations contained in paragraph 17 of Plaintiffs' amended complaint in the form and manner pled.

18.

Responding to the allegations contained in paragraph 18 of Plaintiffs' amended complaint, this Defendant states that the referenced statute speaks for itself. To the extent the paragraph misrepresents the statute or the application thereof to the facts of this case, the paragraph is denied. This Defendant denies the remaining allegations contained in paragraph 18 in the form and manner pled.

19.

Responding to the allegations contained in paragraph 19 of Plaintiffs' amended complaint, this Defendant states that the referenced statutes and other law speaks for itself. To the extent the paragraph misrepresents the statutes or law or the

application thereof to the facts of this case, the paragraph is denied. This Defendant denies the remaining allegations contained in paragraph 19 in the form and manner pled.

20.

This Defendant admits the allegations contained in paragraph 20 of Plaintiffs' amended complaint.

## RESPONDING TO "FACTS"

21.

This Defendant denies the allegations contained in paragraph 21 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

22.

Responding to the allegations contained in paragraph 22 of Plaintiffs' amended complaint, this Defendant denies it sold or served any food products directly to Plaintiffs, or that it had custody or control of any food products sold to Plaintiffs at or near the time of the subject incident. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 22 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof.

23.

This Defendant can neither admit nor deny the allegations contained in paragraph 23 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

24.

This Defendant can neither admit nor deny the allegations contained in paragraph 24 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

25.

This Defendant can neither admit nor deny the allegations contained in paragraph 25 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

26.

Responding to the allegations contained in paragraph 26 of Plaintiffs' amended complaint, this Defendant denies Plaintiffs were its invitees. This Defendant further denies it sold or served any food products directly to Plaintiffs, or

that it had custody or control of any food products sold to Plaintiffs at or near the time of the subject incident. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 26 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

27.

This Defendant can neither admit nor deny the allegations contained in paragraph 27 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

28.

This Defendant can neither admit nor deny the allegations contained in paragraph 28 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

29.

This Defendant can neither admit nor deny the allegations contained in paragraph 29 of Plaintiffs' amended complaint for want of sufficient information

upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

30.

This Defendant can neither admit nor deny the allegations contained in paragraph 30 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

31.

This Defendant can neither admit nor deny the allegations contained in paragraph 31 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

32.

This Defendant can neither admit nor deny the allegations contained in paragraph 32 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

33.

This Defendant can neither admit nor deny the allegations contained in paragraph 33 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

34.

This Defendant can neither admit nor deny the allegations contained in paragraph 34 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

35.

This Defendant can neither admit nor deny the allegations contained in paragraph 35 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

36.

This Defendant can neither admit nor deny the allegations contained in paragraph 36 of Plaintiffs' amended complaint for want of sufficient information

upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

37.

This Defendant can neither admit nor deny the allegations contained in paragraph 37 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

38.

This Defendant can neither admit nor deny the allegations contained in paragraph 38 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

39.

Responding to the allegations contained in paragraph 39 of Plaintiffs' amended complaint, this Defendant denies it sold any food products directly to customers of Taco Bell, or that it had custody or control of any food products sold to customers of Taco Bell at the time of sale. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 39 of Plaintiffs' amended

complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

40.

This Defendant can neither admit nor deny the allegations contained in paragraph 40 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

41.

Responding to the allegations contained in paragraph 41 of Plaintiffs' amended complaint, this Defendant denies it had responsibility for training or supervising managers or employees at the subject Taco Bell. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 41 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

42.

This Defendant denies the allegations contained in paragraph 42 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

43.

This Defendant denies the allegations contained in paragraph 43 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

44.

This Defendant can neither admit nor deny the allegations contained in paragraph 44 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

45.

Responding to the allegations contained in paragraph 45 of Plaintiffs' amended complaint, this Defendant denies it was responsible for labeling or providing warnings or instructions on any food products allegedly purchased by Plaintiffs at the subject Taco Bell. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 45 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

46.

This Defendant denies the allegations contained in paragraph 46 of Plaintiffs' amended complaint in the form and manner pled.

47.

This Defendant can neither admit nor deny the allegations contained in paragraph 47 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

48.

Responding to the allegations contained in paragraph 48 of Plaintiffs' amended complaint, this Defendant denies its employees served, sold, or directly prepared any food products that were sold or served to Plaintiffs or that such food products were in its exclusive custody or control at or near the time of the subject incident. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 48 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

49.

This Defendant can neither admit nor deny the allegations contained in paragraph 49 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

50.

This Defendant denies the allegations contained in paragraph 50 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

51.

This Defendant denies the allegations contained in paragraph 51 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

52.

This Defendant denies the allegations contained in paragraph 52 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

53.

This Defendant denies the allegations contained in paragraph 53 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

## RESPONDING TO: "COUNT I: NEGLIGENCE BY EACH OF THE DEFENDANTS"

54.

In response to Paragraph 54 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

55.

This Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' amended complaint in the form and manner pled.

56.

This Defendant denies the allegations contained in paragraph 56 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

57.

This Defendant denies the allegations contained in paragraph 57 of Plaintiffs' amended complaint and its subparts insofar as they are directed at this Defendant.

58.

This Defendant denies the allegations contained in paragraph 58 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

59.

This Defendant denies the allegations contained in paragraph 59 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

60.

This Defendant denies the allegations contained in paragraph 60 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

61.

This Defendant denies the allegations contained in paragraph 61 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

62.

This Defendant denies the allegations contained in paragraph 62 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

RESPONDING TO "COUNT II: VIOLATIONS OF GEORGIA'S FOOD ACT BY EACH OF THE DEFENDANTS"

63.

In response to Paragraph 63 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

64.

Responding to the allegations contained in paragraph 64 of Plaintiffs' amended complaint, this Defendant states that the referenced statute speaks for itself. To the extent the paragraph misrepresents the statute or the application thereof to the facts of this case, the paragraph is denied. This Defendant denies the remaining allegations contained in paragraph 64 in the form and manner pled.

65.

Responding to the allegations contained in paragraph 65 of Plaintiffs' amended complaint, this Defendant states that the referenced statute speaks for itself. To the extent the paragraph misrepresents the statute or the application thereof to the facts of this case, the paragraph is denied. This Defendant denies the remaining allegations contained in paragraph 65 in the form and manner pled.

66.

This Defendant denies the allegations contained in paragraph 66 of Plaintiffs' amended complaint and its subparts insofar as they are directed at this Defendant.

67.

Responding to the allegations contained in paragraph 67 of Plaintiffs' amended complaint, this Defendant states that the referenced statute speaks for itself. To the extent the paragraph misrepresents the statute or the application thereof to the facts of this case, the paragraph is denied. This Defendant denies the remaining allegations contained in paragraph 67 in the form and manner pled.

68.

This Defendant denies the allegations contained in paragraph 68 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

## RESPONDING TO: "COUNT III: BREACH OF IMPLIED WARRANTY OF WHOLESOMENESS BY EACH OF THE DEFENDANTS"

### 69.

In response to paragraph 69 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

### 70.

Responding to the allegations contained in paragraph 70 of Plaintiffs' amended complaint, this Defendant denies it served, sold, or directly prepared any food products that were sold or served to Plaintiffs or that such food products were in its exclusive custody or control at or near the time of the subject incident. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 70 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

### 71.

This Defendant denies the allegations contained in paragraph 71 of Plaintiffs' amended complaint in the form and manner pled.

72.

This Defendant denies the allegations contained in paragraph 72 of Plaintiffs' amended complaint and its subparts insofar as they are directed at this Defendant.

73.

This Defendant denies the allegations contained in paragraph 73 of Plaintiffs' amended complaint.

74.

This Defendant denies the allegations contained in paragraph 74 of Plaintiffs' amended complaint and further denies any liability to Plaintiffs.

RESPONDING TO: "COUNT IV: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY EACH OF THE DEFENDANTS"

75.

In response to paragraph 75 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

76.

Responding to the allegations contained in paragraph 76 of Plaintiffs' amended complaint, this Defendant denies it served, sold, or directly prepared any food products that were sold or served to Plaintiffs or that such food products were in its exclusive custody or control at or near the time of the subject incident. This

Defendant can neither admit nor deny the remaining allegations contained in paragraph 76 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

77.

This Defendant denies the allegations contained in paragraph 77 of Plaintiffs' amended complaint in the form and manner pled.

78.

This Defendant denies the allegations contained in paragraph 78 of Plaintiffs' amended complaint and its subparts insofar as they are directed at this Defendant.

79.

This Defendant denies the allegations contained in paragraph 79 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

80.

This Defendant denies the allegations contained in paragraph 80 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

81.

In response to paragraph 81 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

82.

Responding to the allegations contained in paragraph 82 of Plaintiffs' amended complaint, this Defendant denies it served, sold, or directly prepared any food products that were sold or served to Plaintiffs or that such food products were in its exclusive custody or control at or near the time of the subject incident. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 82 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

83.

This Defendant denies the allegations contained in paragraph 83 of Plaintiffs' amended complaint in the form and manner pled.

84.

This Defendant denies the allegations contained in paragraph 84 of Plaintiffs' amended complaint and its subparts insofar as they are directed at this Defendant.

85.

This Defendant denies the allegations contained in paragraph 85 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

86.

This Defendant denies the allegations contained in paragraph 86 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

## RESPONDING TO: "COUNT VI: STRICT LIABILITY UNDER O.C.G.A § 51-1-23 AGAINST EACH OF THE DEFENDANTS"

87.

In response to Paragraph 87 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

88.

This Defendant denies the allegations contained in paragraph 88 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

89.

This Defendant denies the allegations contained in paragraph 89 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

90.

This Defendant denies the allegations contained in paragraph 90 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

## RESPONDING TO: "COUNT VII: STRICT PRODUCTS LIABILITY DUE TO DEFECTIVE CONDITIONS AND FAILURE TO WARN AGAINST EACH OF THE DEFENDANTS"

91.

In response to Paragraph 91 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

92.

Responding to the allegations contained in paragraph 92 of Plaintiffs' amended complaint, this Defendant denies it served, sold, or directly prepared any food products that were sold or served to Plaintiffs or that such food products were in its exclusive custody or control at or near the time of the subject incident. This Defendant can neither admit nor deny the remaining allegations contained in paragraph 92 of Plaintiffs' amended complaint for want of sufficient information

upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

93.

This Defendant can neither admit nor deny the allegations contained in paragraph 93 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

94.

This Defendant can neither admit nor deny the allegations contained in paragraph 94 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

95.

This Defendant denies the allegations contained in paragraph 95 of Plaintiffs' amended complaint insofar as they are directed at this Defendant.

96.

Responding to the allegations contained in paragraph 96 of Plaintiffs' amended complaint, this Defendant denies the allegations contained in the first sentence in the form and manner pled. This Defendant can neither admit nor deny

the remaining allegations contained in paragraph 96 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

97.

This Defendant denies the allegations contained in paragraph 97 of Plaintiffs' amended complaint insofar as they are directed to this Defendant.

RESPONDING TO: "DAMAGES – PLAINTIFF WANDA SHADIX"

98.

In response to Paragraph 98 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

99.

This Defendant denies the allegations contained in paragraph 99 of Plaintiffs' amended complaint insofar as they are directed to this Defendant.

100.

This Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' amended complaint insofar as they are directed to this Defendant.

101.

This Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' amended complaint insofar as they are directed to this Defendant.

102.

This Defendant denies the allegations contained in paragraph 102 of Plaintiffs' amended complaint insofar as they are directed to this Defendant.

103.

The allegations contained in Paragraph 103 of Plaintiffs' amended complaint constitute a statement of Plaintiff's causes of action, and as such, require no response from this Defendant. Insofar as the paragraph alleges or implies that Plaintiffs' amended complaint states a cause of action against this Defendant, the paragraph is denied. This Defendant denies any and all remaining allegations contained in paragraph 103.

## RESPONDING TO: "LOSS OF CONSORTIUM – PLAINTIFF SHERREL SHADIX"

104.

In response to Paragraph 104 of the amended complaint, this Defendant incorporates its defenses and responses to the preceding paragraphs of the amended complaint as if fully set forth herein.

105.

This Defendant can neither admit nor deny the allegations contained in paragraph 105 of Plaintiffs' amended complaint for want of sufficient information upon which to form a belief as to the truth thereof and puts Plaintiffs upon strict proof of the same.

106.

This Defendant denies the allegations contained in paragraph 106 of Plaintiffs' amended complaint insofar as they are directed to this Defendant.

107.

The allegations contained in Paragraph 107 of Plaintiffs' amended complaint constitute a statement of Plaintiff's causes of action, and as such, require no response from this Defendant. Insofar as the paragraph alleges or implies that the Plaintiffs' amended complaint states a cause of action against this Defendant, the paragraph is denied. This Defendant denies any and all remaining allegations contained in paragraph 107.

108.

This Defendant denies the allegations contained in paragraph 108 of Plaintiffs' amended complaint insofar as they are directed to this Defendant.

109.

Responding to the unnumbered paragraph beginning with "WHEREFORE," following paragraph 108 of the amended complaint, this Defendant denies the allegations in the paragraph, including subparagraphs (a) through (f) thereof, and further denies that Plaintiffs are entitled to any relief.

110.

In further response to the amended complaint, this Defendant denies each and every allegation in the amended complaint not previously responded to or admitted herein.

## FOURTH DEFENSE

Defendant is not liable to Plaintiffs because this Defendant breached no duty owed to Plaintiffs.

## FIFTH DEFENSE

No act or omission on the part of this Defendant caused or contributed to any of the alleged damages claimed and, therefore, Plaintiffs are not entitled to recover anything from this Defendant.

## SIXTH DEFENSE

The sole, direct and proximate cause of any injury or damages which Plaintiffs may have sustained was due to the negligence of some person, persons or entity

other than this Defendant and therefore Plaintiffs are not entitled to recover anything from this Defendant.

## SEVENTH DEFENSE

To the extend Plaintiffs failed to use ordinary care to prevent or mitigate their alleged damages, in whole or in part, if any, Plaintiffs are not entitled to recover such damages.

WHEREFORE, having fully answered Plaintiffs' amended complaint, This Defendant prays that:

a)   Plaintiffs' Amended Complaint for Damages be dismissed;

b)   Judgment be entered in favor of this Defendant;

c)   This Defendant be awarded reasonable attorney's fees and costs;

d)   All costs be taxed against Plaintiffs; and

e)   Any further relief that is just and appropriate be granted to this Defendant.

Respectfully submitted, this 20th day of December, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

/s/ Daniel S. Wolcott
Daniel S. Wolcott
Georgia Bar No. 377203
Daniel.wolcott@fmglaw.com

*Attorneys for Defendant Kenosha Beef*
*International, Ltd. d/b/a This Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing *ANSWER AND DEFENSES OF DEFENDANT KENOSHA BEEF INTERNATIONAL, LTD. d/b/a BIRCHWOOD FOODS* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are system participants.  Counsel of record are:

Andrew B. Cash
Shane E. Bartlett
CASH KRUGLER & FREDERICKS, LLC
5447 Roswell Road NE
Atlanta, GA 30342

James W. Scarbrough
MABRY & MCCLELLAND, LLP
2200 Century Pkwy NE, Suite 1000
Atlanta, GA 30345

This 20th day of December, 2021.

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580

*Attorney for Defendant Kenosha Beef International, Ltd. d/b/a Birchwood Foods*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)